IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID MARSHALL, JR.,

                                                                  OPINION and ORDER

               Plaintiff,

                                                                  10-cv-357-bbc

     v.

"NURSE BARB" or JANE DOE,
PAUL WESTERHAUS, BRUCE SUNDE,
TERRY TIMM, RICHARD GIERS,
JAMES ALLEN, MICHAEL FLEMING,
JOHN WAIS and SHARON SHULTZ,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff David Marshall, Jr. contends that several staff members at the Lincoln Hills School for Juveniles in Irma, Wisconsin, violated his constitutional rights by using excessive force, failing to provide proper medical care and subjecting plaintiff to harsh conditions of confinement. On September 27, 2010, dkt. #10, I told plaintiff that his initial complaint violated Fed. R. Civ. P. 20 because it contained two separate lawsuits against different sets of defendants:

      1.      In Lawsuit #1, plaintiff contends that defendants Giers, Allen, Fleming,

1

>Wais and Shultz violated his rights under the Eighth Amendment by using excessive force against him when they entered his cell and proceeded to beat him. Following the assault, defendants Giers and Nurse Barb violated plaintiff's rights under the Eighth Amendment by failing to provide him medical treatment for his injuries.

>2. In Lawsuit #2, plaintiff contends that defendants Westerhaus, Sunde and Timm violated plaintiff's rights under the Eighth Amendment by allowing plaintiff to be placed in segregation without an adequate mattress, blankets, a pillow, hygiene products or recreation.

I directed plaintiff to identify which lawsuit he wished to pursue under this case number.

Plaintiff has responded, dkt. #11, stating that he wishes to proceed under this case number with lawsuit #1, and proceed under a separate case number with lawsuit #2. Plaintiff states that he understands he will be obligated to pay two separate filing fees. Thus, the claims of lawsuit #2 will be treated as a separate action and assigned case number 10-cv-513-bbc. In this order, I will address only the facts and claims related to lawsuit #1; I will screen lawsuit #2 pursuant to 28 U.S.C. § 1915 in a separate order.

Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). After reviewing the

2

complaint, I conclude that plaintiff may proceed on his claims that defendants Giers, Allen, Fleming, Wais and Shultz used excessive force against him and defendants Giers and Nurse Barb failed to provide him adequate medical treatment in violation of the Eighth Amendment.

In his complaint, plaintiff alleges the following facts.

ALLEGATIONS OF FACT

Plaintiff David Marshall, Jr. is a prisoner at the Columbia Correctional Institution in Portage, Wisconsin. At all times relevant to this complaint, plaintiff was confined at the Lincoln Hills School for Juveniles in Irma, Wisconsin. Defendant Nurse Barb was a nurse at Lincoln Hills and defendants Richard Giers, James Allen, Michael Fleming, John Wais and Sharon Shultz were youth counselors.

While at Lincoln Hills School, plaintiff was housed in Krueger Cottage in room #130. On January 12, 2008, at approximately 5:40 p.m., plaintiff was lying on the floor in his room near the door. Defendants Shultz and Allen approached plaintiff's cell and attempted to talk to him, but plaintiff did not respond. Shultz and Allen notified their supervisor, defendant Giers, who arrived with defendants Fleming and Wais. Defendants saw that plaintiff was breathing and attempted to engage him, but he did not respond. Defendants Shultz, Allen, Giers, Fleming and Wais entered plaintiff's cell. Fleming entered first, holding a plexiglass

protective shield.

When plaintiff realized that defendants were entering his cell, he stood up to show them that he was well. At that moment, Fleming opened the cell door and slammed plaintiff to the floor. Plaintiff landed on his back and was completely immobilized. Defendants proceeded to punch and kick plaintiff and hit him with their knees. Plaintiff was rolled onto his stomach and Fleming grabbed plaintiff's hair and began slamming his face against the concrete floor several times, causing his nose and mouth to bleed. The other defendants continued to punch and kick plaintiff. Three of plaintiff's teeth were broken and fell out, his head was bleeding and he lost consciousness.

After the assault, defendant "Nurse Barb" was called to the unit to treat plaintiff. She saw that plaintiff's face and nose were bleeding, his teeth were broken and he had gashes on his lips and head. Plaintiff told Nurse Barb that he was experiencing excruciating pain. Nurse Barb did not provide any medical treatment to plaintiff. Defendant Giers locked plaintiff in his cell and refused to allow plaintiff to be seen by other medical staff.

## DISCUSSION

### A. Excessive Force

Plaintiff's first claim is that defendants Giers, Allen, Fleming, Wais and Shultz violated plaintiff's rights under the Eighth Amendment by using excessive force against him.

4

To state a claim of excessive force against a prison official, a plaintiff must allege that the official applied force "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). The factors relevant to this determination include such matters as why force was needed, how much force was used, the extent of the injury inflicted, whether defendant perceived a threat to the safety of staff and prisoners and whether efforts were made to temper the severity of the force. Whitley, 475 U.S. at 321.

Plaintiff allegations about the force used against him by defendants Giers, Allen, Fleming, Wais and Shultz do not suggest that he posed a serious risk of danger to defendants when they injured him or that defendants tempered the severity of the force employed. If plaintiff's allegations are true, he may be able to prove that these defendants applied force for the sole purpose of harming him. Accordingly, I will allow plaintiff to proceed on his claim that defendants Giers, Allen, Fleming, Wais and Shultz used excessive physical force in violation of the Eighth Amendment.

## B. Medical Care

Prison officials have a duty under the Eighth Amendment to provide medical care to those being punished by incarceration. Snipes v. DeTella, 95 F.3d 586, 590 (7th Cir. 1996)

5

(citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). To state an Eighth Amendment medical care claim, a prisoner must allege facts from which it can be inferred that he had a "serious medical need" and that prison officials were "deliberately indifferent" to this need. Estelle, 429 U.S. at 104; Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997).

A medical need may be serious if it is life-threatening, carries risk of permanent serious impairment if left untreated, results in needless pain and suffering when treatment is withheld, Gutierrez, 111 F.3d at 1371-73, "significantly affects an individual's daily activities," Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998), causes pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825, 847 (1994).

"Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Thus, under this standard, plaintiff's claim has three elements:

(1) Did plaintiff need medical treatment?

(2) Did defendant know that plaintiff needed treatment?

(3) Despite defendant's awareness of the need, did defendants fail to take reasonable measures to provide the necessary treatment?

Plaintiff alleges that after the assault, his face and nose were bleeding, his teeth were

6

broken, he had gashes on his lips and head and he was experiencing excruciating pain. At this stage, I can infer that plaintiff's injuries qualified as a serious medical need. Plaintiff alleges that he told defendant Nurse Barb about his pain and that she and defendant Giers saw his injuries, but declined to provide him any treatment and locked him in his cell. I can infer from this allegation that Nurse Barb and Giers knew plaintiff needed medical treatment and failed to take reasonable measures to provide it to him. Plaintiff may proceed on his Eighth Amendment deliberate indifferent claim against these defendants.

ORDER

IT IS ORDERED that

1. This case is SEVERED in accordance with Fed. R. Civ. P. 20:

(a) In case number 10-cv-357-bbc, I will consider plaintiff David Marshall's claims that (1) defendants Richard Giers, James Allen, Michael Fleming, John Wais and Sharon Shultz violated his rights under the Eighth Amendment by using excessive force against him; and (2) defendants Giers and Nurse Barb violated plaintiff's rights under the Eighth Amendment by exhibiting deliberate indifference to his serious medical needs.

(b) In case number 10-cv-513-bbc, I will consider plaintiff's claims that defendants Paul Westerhaus, Bruce Sunde and Terry Timm violated plaintiff's rights under the Eighth Amendment by exhibiting deliberate indifference to his serious medical needs.

2. In case number 10-cv-357-bbc, plaintiff is GRANTED leave to proceed on the following claims:

    (a) defendants Giers, Allen, Fleming, Wais and Shultz violated his rights under the Eighth Amendment by using excessive force against him; and

    (b) defendants Giers and Nurse Barb violated plaintiff's rights under the Eighth Amendment by exhibiting deliberate indifference to his serious medical needs.

3. Under an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on the state defendants that remain in case number 10-cv-357-bbc. Under the agreement, the Department of Justice will have 40 days from the date of the Notice of Electronic Filing of this order to answer or otherwise plead to plaintiff's complaint for the defendants on whose behalf it accepts service.

4. For the remainder of this lawsuit, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff has learned what lawyer will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendants or to defendants' attorney.

5. Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies

8

of his documents.

    Entered this 13th day of September, 2010.

                                    BY THE COURT:
                                    /s/
                                    BARBARA B. CRABB
                                    District Judge